**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| MARCUS YOUNG, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Criminal Action No.: 3:18-628-MGL-10 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S SECTION 2255 MOTION,**
**AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Petitioner Marcus Young, proceeding pro se, filed this 28 U.S.C. § 2255 motion against Respondent United States of America, seeking to vacate his convictions and sentence. The government has filed a motion for summary judgment

Having carefully considered the motions, the responses, the reply, the record, and the applicable law, the Court will grant the government's motion for summary judgment and deny Young's motion.

## II. FACTUAL AND PROCEDURAL HISTORY

A federal grand jury indicted Young in a multi-count superseding indictment for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 and 846, possession with intent to distribute 50 grams or more grams of

methamphetamine in violation of 21 U.S.C. § 841, possession with intent to distribute a quantity of methamphetamine, cocaine base, marijuana, and fentanyl in violation of 21 U.S.C. § 841, being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1), and using or carrying a firearm during and in relation to, or possession of a firearm in furtherance of, a drug trafficking crime in violation 18 U.S.C. § 924(c)(1)(A)(i).

Young went to trial, and the jury found him guilty as charged. The Court sentenced Young to a combined total of 420 months of imprisonment. Young appealed, and the Fourth Circuit affirmed. Young thereafter filed his motion pursuant to 28 U.S.C. § 2255 seeking to vacate or correct his convictions and sentence.

He alleges trial counsel was ineffective and he was inappropriately sentenced under the Armed Career Criminal Act. The government filed a response which included a motion for summary judgment. In Young's reply, he attached two "briefs" seeking to assert additional grounds for relief.

## III. LEGAL STANDARD

### *A. 28 U.S.C. § 2255 Generally*

A prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Four grounds exist upon which relief may be claimed under 28 U.S.C. § 2255(a): (1) where the sentence was imposed in violation of the Constitution or federal law; (2) where the Court was without jurisdiction to impose such a sentence; (3) where the sentence was in excess of the maximum authorized by law; and (4) where the sentence is otherwise subject to collateral attack.

***B. Ineffective Assistance of Counsel Claims***

The Sixth Amendment's right to counsel has been interpreted as giving "a person accused of a federal or state crime . . . the right to have counsel appointed if retained counsel cannot be obtained." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Further, "the right to counsel is the right to the effective assistance of counsel." *Strickland*, 466 U.S. at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)).

To prevail on a claim of ineffective assistance of counsel, first a defendant "must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. Proving deficiency "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

Second, the defendant "must show that the deficient performance prejudiced the defense." *Id.* Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Only where both prejudice and deficiency are established was counsel constitutionally ineffective. 466 U.S. at 687.

***C. Hearings are Sometimes Unnecessary***

In the Section 2255 context, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted) (internal quotation marks omitted). In other words, "[a] hearing is not required . . . if the record of the case conclusively shows . . . petitioner is entitled to no relief." *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

As such, "[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing, because

none of these would be admissible evidence at an evidentiary hearing." *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) (citation omitted) (internal quotation marks omitted).

## IV. DISCUSSION AND ANALYSIS

### *A. Whether trial counsel was ineffective for failing to object to his sentence*

In Young's first ground for relief, he contends trial counsel was ineffective for failing "to have courts use categorical approach for crimes of violence" under the Armed Career Criminal Act (ACCA). Motion at 4. Young insists his "prior felony convictions . . . DO NOT count as three prior crimes of violence." Motion at 4.

Under the ACCA, a defendant convicted of violating § 922(g) must be "imprisoned not less than fifteen years" if he has three previous qualifying offenses. 18 U.S.C. § 924(e)(1). Young's argument fails because, as the government notes, his sentence for the § 922(g) conviction was only 120 months. Thus, the fifteen-year-minimum under the ACCA was unused, so any alleged deficiency by counsel for failing to object is without import. Thus, because Young has failed to demonstrate prejudice, this ground for relief will be denied.

Additionally, in his reply, Young requests counsel be appointed to "research the state statute[s]" forming the basis for his prior convictions. Reply at 10. As the ACCA is inapplicable regardless of his prior convictions, this request will also be denied.

### *B. Whether trial counsel was ineffective for failing to call witness Samantha C. Summers to testify*

In the second ground for relief, Young asserts trial counsel was ineffective for "fail[ing] to call witness 'Samantha C. Summers'" on his behalf. Motion at 5. He contends the firearm involved in his crimes "belongs to 'Samantha C. Summers' and was in her possession, which she states." Motion at 5.

Even assuming Summers would have testified as Young claims, he would still be unentitled to relief. This is because he fails to assert Summers would have testified he never possessed the gun at issue. Thus, as the government argues, "[a]t best, Young's evidence would have proven that Summers also possessed the firearm," which "would not relieve Young of guilt." Response at 8. Subsection 922(g) criminalizes the receipt and possession of a firearm; exclusive possession is unnecessary. *United States v. Gallimore*, 247 F.3d 134, 136-37 (4th Cir. 2001) ("Although Gallimore argues to the contrary, § 922(g)(1) does not require proof of actual or exclusive possession; constructive or joint possession is sufficient.").

In the motion, Young also states counsel's failure to call Summers violates his right "to have compulsory process for obtaining witnesses" in his favor. Young fails to allege compulsory process was unavailable and instead merely claims counsel failed to use it to call Summers. Therefore, this claim also fails because trial counsel's decision—or failure—to call Summers is inextricable from the ineffective assistance claim. Accordingly, this ground must also be denied.

***C. Whether trial counsel was ineffective for failing to object to Agent Johnathan Brock's testimony***

The third ground for relief is stated verbatim as follows:

> Lawyer Brown did not object to[] Testimony of "Agent Johnathan Brock" of out of court statements of unreliable Informant (see Trial Transcripts P. 227 lines 1-22). Agent Brock states, "He lost sight of myself and informant for some time, Informant later comes back, stating he got drugs from [Young]." Due process clause of the 5th Amend violation. As interpreted by in *re Winship* and *Jackson*, insists, demands, and requires that "No person shall be made to suffer the onus of a criminal conviction except upon "Sufficient Proof." Statements of an out of court, unreliable informant is not sufficient proof. Who knows where that informant went?

Motion at 7. Young specifies trial counsel recognized at sentencing a hearsay objection would have been appropriate, but he failed to so object during trial. Reply at 2-4.

The government contends Brock's testimony was "based on his own knowledge," so there

is "no cognizable objection that should have been made" by trial counsel. Response at 6. Furthermore, the government argues "Young does not state how he was prejudiced by the failure to object . . . ." Response at 6.

Agent Brock testified at trial he saw Young driving a truck and pull into the location he had established with a confidential informant for a controlled drug buy. Brock then watched Young and the informant leave for a secondary location until he lost sight of them. Although the video surveillance equipment on the informant malfunctioned, the audio equipment continued recording without issue. The informant then returned to Brock with methamphetamine.

The Court is unable to identify any possible objection which could have had any substantial probability of changing the outcome of this trial. Brock testified he arranged a controlled buy with his confidential informant and then personally witnessed Young arrive for the meeting and speak with the informant. Afterward, the informant turned methamphetamine over to him. Thus, all of his testimony was based on his personal knowledge and observations.

To the extent Young raises a claim there was insufficient evidence to support his convictions directly under the Due Process Clause on the basis of *In re Winship*, 397 U.S. 358 (1970), or *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), as opposed to a claim for ineffective assistance, his argument still fails. The importance of Brock losing sight of Young and the informant for a time was plainly for the jury to resolve, and it fails to invalidate the other facts which were demonstrated. *See Jackson*, 443 U.S. at 319 ("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

For these reasons, this ground for relief must also be denied.

### *D. Whether Young's appellate counsel was ineffective*

In the fourth ground for relief, Young argues appellate counsel "filed appellate Brief without input from petitioner and did not address a critical issue." Motion at 8. He asserts his conviction is invalid under *Rehaif v. United States*, 588 U.S. 225 (2019), which requires the government to prove "the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. at 237.

As an initial point, the Fourth Circuit considered on Young's direct appeal whether the trial court erred by failing to instruct the jury it was necessary for the government to prove he knew he was prohibited from possessing firearms. *United States v. Gordon*, No. 19-4845, 2022 WL 2764417, at *1 (4th Cir. July 15, 2022). It found any error harmless because at trial "Young stipulated that he had a felony conviction and never disputed his felon status; and in his testimony, he not only admitted he was a convicted felon, but also that it meant he could not be in a house with guns; he knew he should not have guns in his house; and he had guns moved out of his house because he did not want to be charged with possessing them." *Id.* at *2.

Here, he brings a different argument and insists he "did not know [he] possessed a firearm," as it was found in the glove compartment of Summers's car. Motion at 8-9. The government counters it presented "sufficient evidence to show that Young had dominion and control over the house where his clothes were found and the vehicle where his drugs were found along with a firearm." Response at 9.

At trial the government demonstrated the gun was found in the glove box of a car registered in Summers's name, but it also demonstrated Young purchased the car for her. More importantly, the gun was found in a search of the vehicle at the residence where Young was arrested. It was more than reasonable for the jury to infer from this evidence Young knew about the gun, just as it inferred he possessed the gun. Accordingly, this argument is without merit.

Finally, Young's argument appellate counsel was ineffective for failing to consult with him is meritless. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (rejecting "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). Moreover, he is still required to demonstrate prejudice. *See Smith v. Robbins*, 528 U.S. 259, 286 (2000) (explaining actual prejudice is required, as opposed to a presumption of prejudice, to prevail on a claim of ineffective assistance of appellate counsel). Because Young fails to suggest any meritorious appellate issues which counsel failed to raise, he has failed to demonstrate prejudice.

For these reasons, the Court will deny Young's fourth ground for relief.

***E. Whether Young's additional grounds warrant relief***

In Young's reply to the government's response on his motion, he attached two "briefs," evidently seeking to amend his motion and assert additional grounds for relief. Even if the Court allowed amendment to include the additional grounds, he has failed to demonstrate he would be entitled to any relief.

Young's primary argument is his conviction under § 922(g)(1) is unconstitutional as a result of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). This argument fails, however, because the Fourth Circuit has previously rejected it and concluded "Section 922(g)(1) 'regulates activity'—that is, the possession of firearms by felons—that 'fall[s] outside the scope of the [Second Amendment] right as originally understood.'" *United States v. Hunt*, 123 F.4th 697, 705 (4th Cir. 2024) (alterations in original) (quoting *Bruen*, 597 U.S. at 18), *cert. denied*, 145 S. Ct. 2756 (2025).

Young also seeks relief for alleged violations of the Ninth and Tenth Amendments, and he contends the statutes under which he was convicted were enacted in violation of the Commerce and Necessary and Proper Clauses. These arguments are patently meritless and discussion is

unnecessary. Accordingly, amendment would be futile as the additional grounds would be rejected.

## V. CONCLUSION

Based on the foregoing discussion and analysis, it is the judgment of the Court the government's motion for summary judgment is **GRANTED** and Young's § 2255 motion is **DENIED**. His request for a motion to appoint counsel is **DEEMED AS MOOT**.

To the extent Young requests a hearing on his motion, the record decisively demonstrates he has failed to show he is entitled to any relief, so his request for a hearing is also **DENIED**. *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) ("A hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows . . . petitioner is entitled to no relief.").

Finally, to the extent Young seeks a certificate of appealability from this Court, that request is **DENIED**, too.

**IT IS SO ORDERED.**

Signed this 1st day of September, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.